UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW BANTIS, <br><br>                      Plaintiff, <br><br>       -against- <br><br> GOVERNMENT USA, <br><br>                      Defendant. | 23-CV-2492 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Matthew Bantis, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. By order dated March 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, a Brooklyn resident, sets forth the following facts in his complaint.

> They started using ear pieces in chess. I'm not allowed to compete due to ignorance and insecurity of the opposing players in the Chess Federation. All pro players. I have beaten a couple of them. They cheated.
>
> The same thing with fighting. Tiger Schulman's promised me the opportunity to enter professional and they lied. They are withholding me from my occupation and career.
>
> Basketball is very similar. Everyone under the organization has passed me up. They never wish to help. They never chose to help me develop[] by also getting me performance enhancing drugs. If not, I sue the pro players that are cheating on drugs. Still to this day, no accountability, while everyone progresses their career.
>
> School — the government of a foreign has . . . disrespected me and forged four grades of mine and failed them. It is on my transcript. It is all there, 2021 Spring term. My life needs reparations from the discontinuation of being able to go famous under the American right, also freedom. Thank you.

(ECF 1 ¶ III.)

Plaintiff seeks $ 20 million, "to buy a couple [of] properties and finish school. Real estate, just like my father. I need reparations." (*Id.* ¶ IV.)

## DISCUSSION

**A.      Sovereign Immunity and the Federal Tort Claims Act**

Plaintiff names the government of the United States as the defendant in this lawsuit, but the Court must dismiss any claims against the federal government under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal

government except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court considers whether these claims fall under the Federal Tort Claims Act ("FTCA"), which provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States, not individual federal. . . agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within

six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

To the extent that Plaintiff asserts claims for damages under the FTCA, he has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal government entity for damages and subsequently received a final written determination before bringing this action; he has also not alleged facts showing that it has been more than six months since he has filed such an administrative claim. Accordingly, any claims for damages Plaintiff wishes to pursue against the United States of America in this action are not permissible under the FTCA and the Court dismisses Plaintiff's complaint under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. 12(h)(3).

**B.      Plaintiff's claims are frivolous**

Plaintiff's complaint, when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, fails to allege any facts suggesting that he has a plausible legal claim. Plaintiff's factual allegations — that the federal government had some involvement in Plaintiff's negative experiences playing chess, participating in sports, or attending school — are largely irrational, or wholly incredible. *See Denton*, 504 U.S. at 33. The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Neitzke*, 490 U.S. at 324-25; *Livingston*, 141 F.3d at 437.

### C. Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). The Court additionally dismisses this action as frivolous. *See* § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: June 12, 2023
       New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge